O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FIDEL RAMIREZ, | ) | NO. CV 06-3216-CT |
| | ) | |
| Plaintiff, | ) | OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| COMMISSIONER, SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

                              SUMMARY OF PROCEEDINGS

On May 31, 2006, plaintiff, Fidel Ramirez, ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On September 12, 2006, plaintiff filed an opening brief. On November 27, 2006, the Commissioner filed a motion to reform judgment or, alternatively to remand for further proceedings.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On June 24, 2004, plaintiff filed an application for disability insurance benefits, alleging disability since March 20, 2004 due to a fractured right leg.  (TR 39, 63-64).[1]  The application was denied.  (TR 29).

On September 13, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ") in which he alleged that he had a herniated disc in his back.  (TR 34).  On November 23, 2005, plaintiff, represented by an attorney and accompanied by an interpreter, appeared and testified before an ALJ.  (TR 257-73).  On December 2, 2005, the ALJ issued a decision that plaintiff was capable of performing a full range of medium work and, therefore, that he was not precluded from performing his past relevant work as a welder.  (TR 18-19).  Accordingly, the ALJ found that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits.  (TR 15-19).  On December 19, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision.  (TR 8).  On April 17, 2006, the request was denied.  (TR 5).  Accordingly, the ALJ's decision stands as the final decision of the Commissioner.  Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and

_____

[1]    "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

order and, except as otherwise noted, materially summarizes the
evidence in the case.

PLAINTIFF'S CONTENTIONS

Plaintiff contends as follows:

1.  The ALJ's residual functional capacity assessment lacks the
    support of substantial evidence;

2.  The ALJ failed to properly evaluate plaintiff's subjective
    complaints.

STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's
decision to determine if: (1) the Commissioner's findings are
supported by substantial evidence; and, (2) the Commissioner used
proper legal standards.  Macri v. Chater, 93 F.3d 540, 543 (9th Cir.
1996).  Substantial evidence means "more than a mere scintilla,"
Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a
preponderance.  Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir.
1997).

When the evidence can reasonably support either affirming or
reversing the Commissioner's conclusion, however, the Court may not
substitute its judgment for that of the Commissioner.  Flaten v.
Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir.
1995).   The court has the authority to affirm, modify, or reverse
the Commissioner's decision "with or without remanding the cause for
rehearing." 42 U.S.C. §405(g).  Remand is appropriate where
additional proceedings would remedy defects in the Commissioner's
decision.  McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

DISCUSSION

1.   The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled.  First, it is determined whether the person is engaged in "substantial gainful activity."  If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments.  If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work.  If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work.  The person is entitled to benefits only

1  if the person is unable to perform other work.  20 C.F.R. §§404.1520,

2  416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

3      2.  Issues

4          A.  RFC Assessment

5      Plaintiff contends that the ALJ's assessment that he has a

6  residual functional capacity that enables him to perform medium work

7  is not supported by substantial evidence.

8      The court will affirm the ALJ's determination of the plaintiff's

9  RFC if the ALJ applied the proper legal standard and his decision is

10  supported by substantial evidence.  Bayliss v. Barnhart, 427 F.3d

11  1211, 1217 (9th Cir. 2005), citing Morgan v. Comm'r of the Soc. Sec.

12  Admin., 169 F.3d 595 (9th Cir. 1999).  In making his RFC

13  determination, the ALJ may properly take into account those

14  limitations for which there is record support and that did not depend

15  on the plaintiff's testimony where the ALJ properly found plaintiff's

16  testimony not credible.  Id.

17      Here, plaintiff alleged that he became disabled when he broke his

18  lower leg on March 30, 2004.  He does not contend that he was disabled

19  before that period.  However, in September of 2001, plaintiff

20  sustained a workplace injury to his lower back and right hip.  In

21  2003, during his workers' compensation proceedings, he was examined by

22  Dr. Alexander Angerman, the Agreed Medical Examiner, who diagnosed

23  plaintiff with lumbosacral strain and sprain with right-sided

24  radiculitis and right hip strain and found that he had restrictions

25  that precluded heavy work, as that term is defined under California

26  workers' compensation law, prolonged sitting and climbing, and

27  repeated bending and stooping.  (TR 157, 177).  Dr. Angerman found

28
                                     5

1  that this condition prevented plaintiff from performing his past work
2  and that plaintiff was a candidate for vocational rehabilitation.  (TR
3  157).  Dr. Angerman also found that plaintiff's condition was
4  "permanent and stationary," as those terms are defined under
5  California Worker's Compensation law.  (TR 156).

6      The ALJ found that plaintiff suffered from the following severe
7  impairments: bony demineralization and status post fracture of the
8  right, lower extremity, lumbar strain and sprain with radiculitis, and
9  right hip strain.  (TR 19).  The ALJ found that plaintiff was capable
10  of performing a full range of medium work.  (Id.).

11      This finding is not supported by substantial evidence.  The ALJ
12  relied on the state agency's physician August 2004 assessment that
13  plaintiff's condition would not likely be significantly limiting for
14  any period of 12 consecutive months.  (TR 18; 124).  However, it
15  appears that the state agency physician was reviewing only records
16  concerning petitioner's leg fracture (which was the only disabling
17  impairment plaintiff alleged in his initial application).  (TR 124).

18      Moreover, not withstanding defendant's request that this court
19  reform the ALJ's judgment, it apears to this court that the ALJ
20  acknowledged that Dr. Angerman's assessment, when translated into
21  Social Security terminology, essentially limited plaintiff to light
22  work.[2]  (TR 17).  Dr. Angerman's assessment that plaintiff could

23  _____

24      [2]In considering the medical opinions of physicians who
    evaluated the plaintiff in the context of a workers' compensation
25  case, the ALJ must consider the differences in the workers'
    compensation terms used by the physician and Social Security
26  terminology.  See Desrosiers v. Sec. of Health & Human Servs.,
    846 F.2d 573, 576 (9th Cir. 1988).  In considering workers'
27  compensation work capacity assessments in a social security case,
    "the ALJ is entitled to draw inferences logically flowing from

28                                    6

1  perform only light work when translated into Social Security terms, is

2  uncontradicted.  The record is ambiguous as to whether the plaintiff

3  performed any significant medium work since his workplace back and hip

4  injury in 2001.  (See TR 54, 57, 59, 76, 268-69; but see TR

5  64(indicating that plaintiff worked as a welder until March of 2004)).

6  However, before rejecting Dr. Angerman's assessment, the ALJ was

7  required to provide clear and convincing reasons for doing so.  See

8  Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996)(the ALJ must

9  provide clear and convincing reasons for rejecting the uncontradicted

10  opinion of an examining physician).  The ALJ provided no reasons for

11  rejecting Dr. Angerman's assessment that plaintiff could perform only

12  light work.

13      Further, although the ALJ found that Dr. Angerman's assessment

14  translated into a limitation to light work in social security terms,

15  the ALJ did not translate the doctor's finding in California workers'

16  compensation terms that plaintiff's condition was "permanent and

17  stationary" or even consider the impact of that finding on plaintiff's

18  social security claim for disability. Under California workers'

19  compensation law, a disability is considered permanent after the

20  employee has reached maximum medical improvement or his or her

21  condition has been stationary for a reasonable period of time.  Dept.

22  Of Rehabilitation v. Workers' Compensation Appeals Board, 30 Cal.4th

23  ────────────────

24  the evidence." Macri v. Chater, 93 F.3d 540, 544 (9th Cir.
    1996)(where plaintiff was precluded from "heavy lifting, repeated

25  bending or stooping" in workers' compensation terms, which
    equates to half of his pre-injury capacity under California

26  workers' compensation law, the ALJ's could logically infer in a
    social security case that plaintiff's current lifting capacity

27  was limited to light work where his pre-injury capacity was for
    medium work).

28

                                    7

1281, 1292 (2003); see also Cal.Code Regs., tit. 8, § 10152("A

disability is considered permanent when the employee has reached

maximal medical improvement, meaning his or her condition is well

stabilized, and unlikely to change substantially in the next year

without or without medical attention"). Accordingly, the ALJ should

have considered Dr. Angerman's assessment that plaintiff's back and

hip impairment was permanent and stationary as those terms are defined

under California workers' compensation law. See Desrosiers v. Sec. of

Health & Human Servs., 846 F.2d at 576(ALJ's decision that plaintiff

could perform light work was not supported by substantial evidence

because the ALJ had not adequately considered definitional differences

between the California workers' compensation system and the Social

Security Act). Plaintiff may well be able to work.[3] However,

the ALJ's assessment that plaintiff can perform medium work is not

support by substantial evidence in the record. Accordingly, remand is

warranted.

---

[3]Plaintiff contends that from March 20, 2004 through February 2005 he could perform only sedentary work because his leg was still healing and he could not bear his weight on that leg. (Plaintiff's Opening Brief at 5). March 20, 2004 to February 2005 is less than a year and does not meet the durational requirement. See 42 U.S.C. § 423(d)(1)(A). Plaintiff contends that after February of 2005 his leg had healed enough to restore him to his pre-onset capacity of light work. (Plaintiff's Opening Brief at 5). Thus, in less than twelve months plaintiff was restored to his *pre-disability* capacity. However, the ALJ stopped at step four of the sequential analysis and this court cannot affirm the denial of benefits on a ground not invoked by the Commissioner. See Stout v. Commissioner of Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006)("if the Commissioner's request that the [court] dismiss the ALJ's error as harmless 'invites [the court] to affirm the denial of benefits on a ground not invoked by the Commissioner in denying the benefits originally, then [the court] must decline.'")(citation omitted).

1     Plaintiff contends that the court should simply reverse the
2 Commissioner's decision and remand for an award of benefits because
3 plaintiff is currently limited to light work.  Plaintiff asserts that
4 Rule 202.09 of the Medical and Vocational Guidelines (the "Grids")
5 direct a finding of disabled if plaintiff is limited to light work and
6 therefore reversal is required.  Where the application of the Grids
7 directs a finding of disability, that finding must be accepted by the
8 Commissioner.  Lounsbury v. Barnhart, __ F.3d __, 2006 WL 2684480
9 ((9th Cir. 2006).  However, Rule 202.09 only directs a finding of
10 disabled for a non-English-speaking person in plaintiff's age category
11 if their past work was "unskilled or none."  See 20 C.F.R. Pt. 404,
12 Subpt. P, App. 2, Rule 202.09.  The ALJ found that plaintiff's past
13 work was skilled or semi-skilled.  (TR 18).

14     Thus, remand for further proceedings is warranted.  On remand,
15 the Commissioner may want to have plaintiff examined consultatively to
16 determine if there have been any changes in plaintiff's back and hip
17 impairment since he was examined by Dr. Angerman.

18          B.   Credibility Finding

19     Plaintiff also contends that the ALJ failed to properly evaluate
20 his subjective complaints.

21     If the Commissioner finds plaintiff's allegations of severity not
22 credible, the Commissioner must make specific findings which support
23 this conclusion.  The Commissioner's findings, properly supported by
24 the record, must be sufficiently specific to allow a reviewing court
25 to conclude that the Commissioner rejected plaintiff's testimony on
26 permissible grounds and did not arbitrarily discredit plaintiff's
27 testimony regarding pain.  Bunnell v. Sullivan, 947 F.2d 341, 345-46
28

(9th Cir. 1991).   The Commissioner may discredit plaintiff's allegations based on inconsistencies in the testimony or on relevant character evidence.  Id. at 346.  However, the Commissioner may not discredit plaintiff's testimony of pain solely because the degree of pain alleged by plaintiff is not supported by objective medical evidence.  Id. at 345-47.

Here, plaintiff alleged in his daily activities questionnaire and pain questionnaire submitted concurrently with his application for benefits that the pain of his broken leg essentially prevented him from doing all but very limited activities. (TR 70-75).  At the hearing plaintiff testified that he could not lift heavy items due to his back problems, could be on his feet only two hours and sit for only an hour, could not bend, stoop or crouch without pain and could walk only very slowly.  (TR 269).  The ALJ found plaintiff's allegations of markedly limiting pain or impairment not credible because plaintiff has not consistently required any strong medication for pain and has been taking only Ibuprofen.  (TR 17).  This is a legitimate reason for discounting plaintiff's allegations of disabling pain and is supported by the record (TR 87, 91, 147).  Bunnell v. Sullivan, 947 F.2d at 346; see also Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995)(ALJ properly found plaintiff's claims of disabling limitations not totally credible in light of plaintiff's conservative treatment).   Remand is not warranted on this ground.

1        <u>REMAND IS APPROPRIATE IN THIS CASE</u>

2        The decision whether to remand a case for additional evidence is

3   within the discretion of the court.  <u>Sprague v. Bowen</u>, 812 F.2d 1226,

4   1232 (9th Cir. 1987).  Remand is appropriate if the record is

5   incomplete and additional proceedings would remedy defects in the

6   Commissioner's decision.  <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603

7   (9th Cir. 1989).

8        Having considered the record as a whole, it appears that the

9   present record is insufficiently developed.

10        <u>CONCLUSION</u>

11        Accordingly, it is ordered that the matter be **REMANDED** pursuant

12   to sentence four of 42 U.S.C. §405(g) to the Commissioner for further

13   administrative action consistent with this opinion.

14

15   DATED: November 28, 2006

16                        CAROLYN TURCHIN
                          _____
17                        CAROLYN TURCHIN
                          UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28
                                   11